## MICHAEL BRADY

*v.*

## CARTERET REALTY COMPANY.

[Submitted December 23d, 1912. Decided January 14th, 1913.]

1. Under the "Act to compel the determination of claims to real estate, and to quiet title to the same" (*4 Comp. Stat. 1910 p. 5899*), a court of equity, if title is shown to be in a defendant, has jurisdiction to issue a writ of assistance to put him in possession; but he must plead, and the decree must show, his right to "immediate possession" as well as title.

2. In a statutory suit to quiet title, decree was rendered that defendant had title absolute, and that complainant had no interest; but the right to possession was not determined. Subsequently the defendant brought ejectment against its adversary, to which the statutory plea of not guilty was filed; whereupon there was a motion for judgment, on the ground that the plea was sham. This motion was denied, after which defendant moved for a writ of assistance in chancery.—*Held*, that, considering the scope of the decree in chancery and the ruling on the motion for judgment at law, the question of defendant's right to possession was not so clear as to warrant disposing of it on motion.

On petition for order for possession and writ of assistance.

*Mr. Gilbert Collins,* for the petitioner.

*Mr. Ephraim Cutter* and *Mr. Linton Satterthwait,* for the respondents, Michael Brady and Thomas J. Brady.

STEVENSON, V. C.

This is an application for an order for possession, and if necessary a writ of assistance, to put the defendant, the Carteret Realty Company, in possession of certain lands under a decree heretofore rendered in this cause, establishing an absolute title in fee-simple to the same in the defendant, the petitioner in this present proceeding.

The bill was filed under the statute which is commonly cited

as the act to quiet titles. The true title of the statute, more adequately disclosing its object, is "An act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same." It is singular how often the important function of the statute disclosed in the first part of its title has been overlooked.

The case undoubtedly is novel. So far as our reports indicate, this is the first application by a defendant in this statutory suit, whose absolute title to the premises concerning which the bill of complaint was filed, has been established by the final decree entered in the cause, to oust the unsuccessful complainant and obtain possession for himself by a writ of assistance.

1. The first question to be determined is whether the court of chancery of New Jersey has jurisdiction to enforce a decree establishing the defendant's title and right of possession in the action provided by the statute above cited. The argument is made on behalf of the respondents with ingenuity and considerable force, that it is not the intention of the statute to afford any remedy in respect of possession on behalf of any defendant, that the utmost that the final decree in this statutory action can do for a defendant is to "determine" his claim—establish his title.

No doubt one great object of the statute is to enable the complainant in peaceable possession to have all "claims" of the defendants to the "real estate," of which the complainant has such peaceable possession, settled and defined and "determined" so that he may know what titles and interests, if any, are outstanding in the defendants with which he has to reckon. No doubt this suit may be applied to having a claim to a mortgage determined and, if the alleged mortgage is established by the decree of the court, the amount thereof ascertained finally so that the complainant may pay the same.

I am unable, however, to adopt the view that has been presented on behalf of the defendant, that under no form of decree which can be made in this statutory suit can a defendant be put in possession by a writ of assistance. The crucial question is whether the attainment of the object of the statutory action and the enforcement of the statutory decree in an appropriate

case, upon appropriate proceedings, may not sometimes necessarily involve the use of the writ of assistance. I think the question may be stated in different terms, but substantially to the same effect, as follows: Is it competent for the court of chancery in a proper case to make a decree not only establishing the title of a defendant, but also establishing his right of immediate possession and directing the complainant to yield possession to him?

I shall not discuss at length the various provisions of the statute which have been examined minutely by counsel, and which must be considered in deciding the questions raised in this cause. In addition to the significance of the title of the act, which I have already pointed out, the most important provision of the statute relating to this case is found in section 6, which directs "that the final determination and decree" * * * "shall fix and settle the rights of the parties in said lands, and the same shall be binding and conclusive on all parties to the suit."

It may be noted also that section 4 provides that defendants may in their answer set forth any "interest" which they claim in the land in question.

It seems to me quite plain that where the complainant, in peaceable possession of land, challenges a defendant to assert any interest which he claims in such land, and asks the court to make a decree binding upon himself and the defendant which shall "fix and settle the rights" of both parties in the land, it is competent for such defendant to come forward with an answer setting up that his "claim" and his "interest" consist of a right of immediate possession of the land in derogation of the peaceable possession of the complainant and destructive thereof. In such case the complainant seems to invoke the jurisdiction of the court of chancery under this statute to "determine" whether he is to remain in peaceable possession or possession is to be awarded to the defendant. In short, the decree, if the defendant is successful, establishes his right of immediate possession, and there can be no enforcement of such a decree without putting the defendant in possession.

It will be observed that I have not referred to any question

of title, although naturally in the case supposed a determination of title will go with the determination of the right of possession.

Suppose, in the case above referred to, the defendant claimed that he held a mortgage and an accompanying right to have the land sold in satisfaction thereof. It may be that he must file a cross-bill in order to secure a sale and later a writ of assistance. But we are not considering any question of pleading, but a question of the jurisdiction of the court to make a certain decree in a case properly presented to it.

Upon the first question raised on this application I should as, at present advised reach a conclusion, if any conclusion were necessary, in favor of the petitioner.

The second question is whether in the absence of anything in the defendant's answer making the claim, or in the final decree establishing the claim on the part of the defendant to possession, his right of possession can be established and then enforced upon a petition for an order for possession and writ of assistance. This question, if necessarily requiring an answer for the determination of this present controversy, I think I should feel constrained to decide in favor of the respondents.

The decree in this case merely adjudged that the Carteret Realty Company, one of the defendants in the cause, and the petitioner in this proceeding, "has an estate in fee-simple absolute in said lands of which the said complainant is in possession," and further adjudges "that the complainant [Michael Brady] has no estate or interest in the said lands."

An examination of the pleadings and of the decree shows that the sole question litigated was as to the respective titles of Michael Brady and the Carteret Realty Company. The complainant in the cause, Michael Brady, was necessarily adjudged to be in peaceable possession. The defendant, the Carteret Realty Company, was asserting title without making any effort by an action of ejectment or otherwise to obtain possession. As a matter of fact the Carteret Realty Company may not have had a right to possession as against Michael Brady, who was in peaceable possession because of some outstanding lease made by the Carteret Realty Company, or because of some other relation to a third party. Precisely as the Carteret Realty Company

stood with reference to the peaceable possession of Michael Brady, when this bill was filed, so they seem to me to have elected, by their answer and by the decree in their favor in respect of their title, to stand at the conclusion of the suit. In brief, the sole question in this statutory action was in regard to the respective legal titles of the parties, and this question of legal title was the question which was fixed and settled and determined by the decree.

We are dealing with a case where the statutory suit is employed to compel the defendant to put a legal title claimed by it to a test. But suppose the defendant had been compelled to submit an alleged mortgage to "determination," and it had merely set up its mortgage, and the decree in its favor drawn by its solicitors had merely "fixed" and "settled" and "determined" the exact extent of its mortgage claim. Would the court then enforce such a decree by issuing process for the sale of the land in question, and subsequently issue a writ of assistance to put the purchaser in possession? It is easier, I think, to answer this question in favor of the mortgagee whose rights as such have been established by the decree, than to answer the corresponding question raised in this case in favor of a defendant whose legal title alone, without any claim of a right to immediate possession, has been so established.

It may certainly be argued with plausibility that where the defendant seeks not only the establishment but the enforcement of his "claim," he may as a general rule secure that result if his claim is equitable only by a cross-bill, and that when his claim is strictly legal the decree in his favor cannot do more than "settle" and "determine" it, leaving its enforcement to the courts of law. However this may be, it would seem that if an answering defendant claims a right of immediate possession based upon a strictly legal title, he must set up such "claim" in his answer, or cross-bill, and have it established in his decree if he wishes to have it enforced by a writ of assistance.

Assuming that the question requires a determination in this case, I reach the conclusion that where the decree recognizing the peaceable possession of the complainant adjudges that a defendant has a legal estate in fee-simple absolute in the lands of

which the complainant is so possessed, and further adjudges that the complainant has no estate or interest in the said lands, an order for possession will not be made and a writ of assistance will not go in favor of such defendant unless the decree expressly adjudges that he has a right to immediate possession. This statutory suit in a case like this may compel a defendant practically to bring an action of ejectment in the suit in equity, in which either party may have a trial by jury, upon the idea that it is inequitable for such defendant to assert title to the injury of the complainant in peaceable possession but take no legal step to put his title to a test. But where the defendant confines himself to a bare assertion of title and enters a decree sustaining that bare assertion, I do not think that he can subsequently try his action of ejectment upon a petition for a writ of assistance. Notwithstanding the wide terms describing the function of a writ of assistance employed by Mr. Justice Dixon in delivering the opinion of the court of errors and appeals in the case of *Strong* v. *Smith, 68 N. J. Eq. (2 Robb.) 686, 705,* I feel constrained to hold in the class of cases to which this belongs, that orders for possession and writ of assistance are used for the enforcement of the decree against the parties to the suit, and all others bound by the decree, and not for the enforcement of rights which may have been established by evidence in the cause or made the basis of the decree.

3. Pending this suit Michael Brady made a conveyance of all his estate or alleged estate in the land in question to Thomas J. Brady, whose appearance has been entered in this proceeding and who has filed an answer to the petition for the order for possession. The Carteret Realty Company, whose absolute title in fee-simple had been established against Michael Brady, instead of applying to this court for a writ of assistance and thus raising the questions which so far have been discussed, brought an action of ejectment in the supreme court in which Michael Brady and Thomas J. Brady and the New York and New Jersey Telephone Company were made defendants. To the plaintiff's declaration in this ejectment suit the defendant Thomas J. Brady appeared and filed the statutory plea of not guilty. Thereupon application was made to the supreme court for judg-

ment over this plea as a sham plea, upon which application the Carteret Realty Company relied upon the decree of this court as establishing their absolute title in fee-simple, and also establishing that Michael Brady had no estate or interest in the lands in question—the defendant Thomas J. Brady being regarded as a party entering pending a suit under a defendant and hence bound by the final decree.

The motion for judgment over the plea as a sham plea was heard before two justices of the supreme court who united in a decision expressed in words to the effect that the motion was denied.

Apart from the views hereinbefore somewhat tentatively expressed, I feel constrained to hold that this court must regard it as *res adjudicata* between these parties that in this case there is a question relating to the legal right of possession, which is not so "clear," but that the respondent Thomas J. Brady is entitled to have it tried at law by a court and jury. This conclusion is fatal to an application for a writ of assistance. *Schenck v. Conover, 13 N. J. Eq. (2 Beas.) 220, 227.* The speculations which were indulged in by counsel for the petitioner in regard to the grounds of the decision of the supreme court, it seems to me, cannot be allowed much weight. It would seem to be improper for this court to undertake first to conclude that the supreme court ought to have granted the petitioner's motion so far as the merits are concerned, and that, therefore, the supreme court must have rendered its decision because of some technical defect in the procedure on the part of the petitioner, the plaintiff in the action of ejectment, which, however, the court does not see fit to disclose.

A transcript of the proceedings in the supreme court on the motion for judgment for the plaintiff in ejectment on the ground that the defendant's plea was a sham plea, was put in evidence, and while, as stated above, the grounds for the denial of the application are not set forth in the announcement of the decision, the affidavits of the respective parties exhibit the matters which were submitted to the court for its judgment. On behalf of the plaintiff the only evidence submitted to the court was a brief affidavit of one of his solicitors setting forth the institu-

tion of this present suit, and that the "Carteret Realty Company filed its answer setting up a claim to own the said lands· in fee-simple," and further alleging that an issue at law was tried before a jury resulting in a verdict in favor of the Carteret Realty Company, and that "a decree establishing its title was made and filed on May 16th, 1905." Thus it appears that the solicitor and counsel, who personally conducted this whole litigation on behalf of the Carteret Realty Company, exhibited to the supreme court the bare fact that this court had established the title of the Carteret Realty Company to the land in question. No pretence was made before the supreme court that the decree of this court dealt with the question of immediate possession. The decree of this court seems to have been presented as a decree denying the right of the complainant in peaceable possession to have his title and possession quieted as to the alleged title of the Carteret Realty Company, because it was found that the Carteret Realty Company had an absolute title in fee while the complainant had no title.

On behalf of the defendant voluminous affidavits were presented, which among other things undertook to attack the title of the Carteret Realty Company by showing that their title was bad against· some older outstanding titles.

The Carteret Realty Company, the applicant for the order for possession in this case, having obtained the decree of this court establishing its title, elected to bring an action of ejectment in the supreme court of this state to enforce the right of possession which it claimed to hold under such established title. The supreme court had before it the exact form of the decree of this court, and also had the matters above referred to presented by the affidavits of the parties. ·  ·

I do not feel called upon to decide upon what ground the motion of the petitioner in its action of ejectment against the respondent Brady ·to have his plea adjudged a sham plea, was denied by the law court in which such action was pending. Nor do I have to decide that the action of the supreme court in denying such motion makes it *res adjudicata* upon this application to this court for a writ of assistance that there is such doubt as under the authorities precludes the proper use of a writ

of assistance. All that I have to conclude in order to dispose of this application is that, giving due consideration to the action of the supreme court as a most important factor in this case, the right of the petitioner under the decree entered by it in its own favor in this cause upon the answer which it saw fit to file, is far too doubtful a "determination" of its immediate right of possession as against the respondent Brady who is in peaceable possession, to make it proper that a writ of assistance should be issued for the enforcement of such doubtful right. I may add that in my judgment it would be unwise to encourage the practice followed in this case by the successful defendant, the Carteret Realty Company, of first bringing an action of ejectment in a court of law and then, after failing to get a summary judgment over a plea, discontinuing the action at law and invoking the summary jurisdiction of this court to award a writ of assistance. An order denying the application of the Carteret Realty Company and dismissing its petition will be advised.